Robert M. Fineman (SBN 188211)
Christian P. Foote (SBN 240919)
Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
Telephone: +1 415 957 3000
Fax: +1 415 957 3001
E-mail:    rmfineman@duanemorris.com
           cpfoote@duanemorris.com

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WYMAN WONG,<br><br>       Plaintiff,<br><br>       v.<br><br>U.S. BANK, N.A.; CFS2, INC.; NATIONWIDE<br>DEBT MANAGEMENT SOLUTIONS, LLC;<br>DOES 1 through 100, inclusive,<br><br>       Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**<br><br>Judge:<br>Complaint Filed:    February 10, 2014 |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS HEREIN:

      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441(a), defendant U.S. Bank

National Association ("U.S. Bank"), hereby removes the above-entitled action from the Superior

Court of the State of California in and for the County of San Francisco to the United States District

Court for the Northern District of California, based on the following:

## STATEMENT OF JURISDICTION

      This action is a civil action over which this Court has original jurisdiction under 28 U.S.C.

§ 1331 and is one that may be removed to this Court by defendant pursuant to the provisions 28

1    U.S.C. §§ 1441 and 1446.

2

# FEDERAL QUESTION JURISDICTION

3      1.      Upon information and belief, this case was initially filed on or about February 10,

4   2014 in the Superior Court of California, County of San Francisco, Case No. CGC-14-537368

5      2.      This action is a civil action containing the interpretation of federal statutes;

6   specifically, the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.

7   Complaint, pp. 9:2-13; 5:18-20; 6:9-27; 7; 8:23-28; and 11:14-28.

8      3.      This Court has original jurisdiction under 28 U.S.C. § 1331 over claims that require

9   interpretation of the FDCPA because the statute at issue is the law of the United States. The FDCPA

10   provides that "[a]n action to enforce any liability [created by this subchapter or under this title] may

11   be brought in any appropriate United States district court, without regard to the amount in

12   controversy, or in any other court of competent jurisdiction." 15 U.S.C. § 1692k(d).

13      4.      This Court also has original jurisdiction because the "complaint establishes either that

14   federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on

15   resolution of a substantial questions of federal law." *Franchise Tax Board v. Construction Laborers*

16   *Vacation Trust*, 463 U.S. 1, 27-28 (1983); *Grable & Sons Metal Products, Inc. v. Darue Engineering*

17   *& Mfg.*, 545 U.S. 308, 313 (2005) (holding a claim under state law can give rise to federal question

18   jurisdiction if it "appears from the [complaint] that the right to relief depends upon the construction

19   or application of [federal law]."). The claims set forth in the instant complaint arise under laws of

20   the United States because the claims necessarily depend on the remedies available under 15 U.S.C.

21   §§ 1692 et seq.

22      5.      Plaintiff invokes the remedies available under 15 U.S.C. §§ 1692 et seq. throughout

23   the complaint. The "gravamen" of plaintiff's claims arise out of defendants' alleged "abusive,

24   deceptive, and unfair conduct" in collecting on a debt plaintiff allegedly owes to defendant U.S.

25   Bank National Association. Complaint, p. 6:8-7:28. Plaintiff specifically bases his causes of action

26   for violation of California Civil Code section 1788.17 on defendants' violation of federal law –

27   namely, violation of 15 U.S.C.§ 1692e. Complaint, ¶¶ 27-42.

28      6.      Plaintiff makes essentially the same claim in his cause of action for violation of

DM1\4536787.1          2
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT        CASE NO. _____
TO THE NORTHERN DISTRICT

1  California Civil Code section 1788.17 against defendant U.S. Bank National Association, CFS2, Inc.

2  and Nationwide Debt Management Solutions, LLC.  Complaint, ¶¶ 27-42.

3  **SUPPLEMENTAL JURISDICTION**

4        7.     To the extent any state law claims are alleged, under 28 U.S.C. § 1367(a), this Court

5  also has supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(a) (The

6  court has "supplemental jurisdiction over all other claims that are so related to claims in the action

7  within such original jurisdiction that they form part of the same case or controversy under Article III

8  of the United States Constitution.").  Here, plaintiff's state law claims are based on the same alleged

9  conduct that is the purported basis for the claims arising out of the federal questions of law.

10  **BASIS FOR REMOVAL**

11        8.     Defendant incorporates and reference paragraphs 1 through 7 of this document as if

12  set forth fully herein.

13        9.     This action may be removed in its entirety pursuant to 28 U.S.C. §§ 1331, 1441, and

14  1446.

15        10.    On or about February 10, 2014, plaintiff Wyman Wong ("Plaintiff") filed a

16  Complaint in an action in the Superior Court for the County of San Francisco, entitled *Wyman Wong*

17  *v. U.S. Bank, N.A.*,  case number CGC-14-537368 (the "Complaint").

18        11.    The ("Complaint") names Defendant U.S. Bank National Association as a party.  U.S.

19  Bank National Association is a nationally-chartered banking association.

20        12.    On February 18, 2014, defendant U.S. Bank National Association was served with a

21  copy of the summons and complaint in this matter by substituted service under California Code of

22  Civil Procedure section 415.20.  A true and correct copy of the Summons and Complaint are

23  attached hereto as Exhibit A.

24        13.    This notice is timely as it has been filed within 30 days of defendant being served

25  with the summons and complaint. 28 U.S.C. § 1446(b).

26        14.    The Complaint in the Action alleges "violations of Federal Fair Debt Collection

27  Practices Act, 15 U.S.C. §§ 1692 et seq.; the Rosenthal Fair Debt Collection Practices Act,

28  California Civil Code §§ 1788 et seq.; Violation of a Statutory Duty; Breach of Contract; Breach of

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT            CASE NO. _____
TO THE NORTHERN DISTRICT

1  Covenant of Good Faith and Fair Dealing; and Unfair Business Practices, California Business and
2  Professions Code section 17200.

3       15.    The Superior Court of California, County of San Francisco is located within the
4  Northern Division of the Northern District of California. 28 U.S.C. § 84(c)(1). This Notice of
5  Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C.
6  § 1391.

7       16.    In accordance with 28 U.S.C. § 1446(d), defendant is also filing in the Superior Court
8  of California, County of San Francisco, and will serve same upon plaintiff, a Notice of Superior
9  Court of Filing of Removal of Action.

10       17.    U.S. Bank has obtained consent for removal from defendant CFS2, Inc. U.S. Bank is
11  currently unaware of the contact information and validity of service on defendant Nationwide Debt
12  Management Solutions, LLC and therefore will seek unanimity to this removal within the required
13  period. *See Destifino v. Reiswig*, 630 F.3d 952, 956-957 (9th Cir. 2011).

14       18.    For the reasons stated above, U.S. Bank hereby removes the above-entitled action.

15

16  Dated: March 20, 2014          **Duane Morris LLP**

17

18                         By: _____
                       Robert M. Fineman

19                         Christian P. Foote

20                         Attorneys for Defendant
                       U.S. BANK NATIONAL ASSOCIATION

21

22

23

24

25

26

27

28

DM1\4536787.1                           4
NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT         CASE NO. _____
TO THE NORTHERN DISTRICT

Exhibit A

PS 2/18/14 2:09 PS

| | SUM-100 |
|---|---|
| **SUMMONS**<br>**(CITACION JUDICIAL)** | **FOR COURT USE ONLY**<br>**(SOLO PARA USO DE LA CORTE)** |

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

U.S. Bank, N.A.; CFS2, Inc.; Nationwide Debt Management Solutions, LLC. Does 1 through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Wyman Wong

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>(El nombre y dirección de la corte es): Civic Center Courthouse | **CASE NUMBER:**<br>(Número del Caso):<br>CGC-14-537368 |
|---|---|

Superior Court of California, County of San Francisco
400 McAllister Street, San Francisco, California 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Fitzgerald Campbell, APLC, William J. Campbell, SBN 248729 158 N. Glassell, Ste. 204, Orange, Ca 92866

| DATE:<br>(Fecha) | CLERK OF THE COURT<br>Clerk, by<br>(Secretario) | , Deputy<br>(Adjunto) |
|---|---|---|
| | | ELI/C BUI |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):  U.S. Bank, N.A.

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other (specify): CCP 415.95 Business Organization, Form Unknown
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ENDORSED
SAN FRANCISCO COUNTY
SUPERIOR COURT

14 FEB 10 AM 1: 11

ELIAS BUTlog

1  FITZGERALD CAMPBELL, A PROFESSIONAL LAW CORPORATION
   GREGORY M. FITZGERALD, SBN 153082
2  GFITZGERALD@FCLAWOFFICE.COM
   WILLIAM J. CAMPBELL, SBN 248729
3  WCAMPBELL@FCLAWOFFICE.COM
   158 N. GLASSELL, SUITE 204
4  ORANGE CA 92866
   Telephone: (855) 709-5788
5  Facsimile: (855) 672-5058

6  Attorney for Plaintiff: WYMAN WONG

7

8

9                    SUPERIOR COURT OF CALIFORNIA

10                     COUNTY OF SAN FRANCISCO

11

12  WYMAN WONG,                          Case No.: C G C - 1 4 - 5 3 7 3 6 8

13                                        COMPLAINT FOR:
        PLAINTIFF,
14                                          1.  VIOLATION OF THE FEDERAL
        VS.                                     FAIR DEBT COLLECTION
15                                              PRACTICES ACT
                                            2.  VIOLATION OF THE
16  U.S. BANK, N.A.; CFS2, INC.; NATIONWIDE       ROSENTHAL FAIR DEBT
    DEBT MANAGEMENT SOLUTIONS, LLC;              COLLECTION PRACTICES ACT
17  DOES 1 through 100, Inclusive,            3.  VIOLATION OF A STATUTORY
                                                DUTY (TORT IN SE)
18      DEFENDANT                           4.  BREACH OF CONTRACT
                                            5.  BREACH OF COVENANT OF
19                                              GOOD FAITH AND FAIR
                                                DEALING
20                                          6.  UNFAIR BUSINESS ACT OR
                                                PRACTICE PER CALIFORNIA
21                                              BUSINESS AND PROFESSIONS
                                                CODE §17200
22

23

24  Plaintiff alleges:

25

26                       PARTIES AND JURISDICTION

27      1. At all times herein mentioned Plaintiff WYMAN WONG is and was an individual residing in

28  the County of San Francisco, State of California.

                                    1
                                COMPLAINT

2. At all times herein mentioned Defendant CFS2, INC., and each of them, is and was a business entity form unknown, engaged in business in the County of San Francisco, State of California.

3. At all times herein mentioned Defendant NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC, and each of them, is and was a business entity form unknown, engaged in business in the County of San Francisco, State of California.

4. At all times herein mentioned Defendant U.S. BANK, N.A., and each of them, is and was a business entity form unknown, engaged in business in the County of San Francisco, State of California.

5. The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as Does 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when the same are ascertained. Plaintiff is informed and believes and on that bases alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages herein alleged were proximately caused by such Defendants.

6. Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned each of the Defendants was the agent, servant, and/or employee of their co-Defendants, and in doing the things hereinafter mentioned, were acting in the scope of their authority as such agents, servants and employees with the permission and consent of their co-Defendants.

7. This action is brought for penalties and damages due to violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq., Violation of a Statutory Duty, Breach of Contract, and Breach of Covenant of Good Faith and Fair Dealing.

8. In enacting the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq., the California Legislature made the following findings:

"The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued function of the banking and credit system and sound extensions of credit to consumers. There is need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other. It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to

2

COMPLAINT

1   require debtors to act fairly in entering into and honoring such debts, as specified in
2   this title." (California Civil Code section 1788.1)

3   9. In enacting the Federal Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq., the
    Federal Legislature made the following findings:
4

5           "[t]here is abundant evidence of the use of abusive, deceptive and unfair
6       debt collection practices by many debt collectors. Abusive debt collection practices
        contribute to the number of personal bankruptcies, to marital instability, to the loss
7       of jobs and to invasions of individual privacy. Existing laws and procedures for
        redressing these injuries are inadequate to protect consumers. Means other than
8       misrepresentation or abusive debt collection practices are available for the effective
        collection of debts. Abusive debt collection practices are carried on to a substantial
9       extent in interstate commerce and through means and instrumentalities of such
        commerce. Even where abusive debt collection practices are purely intrastate in
10      character, they nevertheless directly affect interstate commerce. It is the purpose of
        this subchapter to eliminate abusive debt collection practices by debt collectors, to
11      insure that those debt collectors who refrain from using abusive debt collection
        practices are not competitively disadvantaged, and to promote consistent State
12      action to protect consumers against debt collection abuse" (15 U.S.C. §1692a)

13

14

15                              **GENERAL ALLEGATIONS**

16

17      10. Plaintiff incorporates by reference and realleges each and every allegation contained in
18   paragraphs 1 through 9 above as though fully set forth herein.

19      11. Defendants, CFS2, INC. and NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC,
20   and each of them, engage in business, the principle of which is the collection of debts using the mail and
21   telephone. Defendants, CFS2, INC. and NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC,
22   and each of them, regularly and in the ordinary course of business attempts to collect consumer debts
23   alleged to be due another.

24      12. Defendant U.S. BANK, N.A., and each of them, engages in debt collection and collects debt
25   alleged to be due.

26      13. Sometime during or prior to 2012, Plaintiff allegedly created an account ending 1613 with
27   Defendant U.S. BANK, N.A., and each of them, and therefore incurred a financial obligation primarily
28   for personal, family or household purposes. This obligation allegedly went into default for late payment.

                                        3
                                    COMPLAINT

14. At some point prior to February 28, 2012 Defendant U.S. BANK, N.A., and each of them, sold account ending 1613 to Defendant CFS2, INC., and each of them. Defendant CFS2, INC., and each of them, changed account ending 1613 to account number 106839. Account number 106839 and account ending 1613 are one and the same.

15. Sometime prior to February 28, 2012, Plaintiff, in an effort to resolve this debt, retained the services of The Iniguez Law Firm, P.C., a law firm that provides assistance to consumers struggling with consumer-related debt issues.

16. On or about February 28, 2012 Defendant CFS2, INC., and each of them, and Plaintiff, through The Iniguez Law Firm, P.C., reached an agreement to pay in full account ending 1619 (aka 106839) for $2,238.59. The total amount Defendant CFS2, INC., and each of them, alleged was owed by Plaintiff was $12,644.57 (see Exhibit "A" attached hereto). On February 28, 2012 check number 52262 was issued to Defendant CFS2, INC., and each of them, and made payable to CFS II for $2,238.59 as agreed (see Exhibit "B" attached hereto). Check 52262 cleared on February 29, 2012.

17. Sometime after February 29, 2012 Defendants CFS2, INC., U.S. BANK, N.A., and each of them, represented that account ending 1619 (aka 106839) was still due and owing. As a result Defendants CFS2, INC., U.S. BANK, N.A., and each of them, retained Defendant NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC, and each of them.

18. Plaintiff believes and therefore alleges that Defendants CFS2, INC., U.S. BANK, N.A., knew that account ending 1619 (aka 106839) was settled and no money due prior retaining  Defendant NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC, and each of them. Defendant NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC, and each of them, was retained to deal with Plaintiff on behalf of Defendants CFS2, INC., U.S. BANK, N.A., and each of them, thereby creating an agency relationship. In the course of retaining Defendant NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC, and each of them, Defendants CFS2, INC., U.S. BANK, N.A., and each of them , represented that account ending 1619 (aka 106839) was due and owing. Defendant NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC, and each of them, assigned reference number 1217102 and began collecting on account ending 1619 (aka 106839).

4

19. Plaintiff believes and therefore alleges that Defendants CFS2, INC., U.S. BANK, N.A., NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC, and each of them, knew that account ending 1619 (aka 106839 and 1217102) was settled and no money due prior to October 9, 2013.

20. On or about October 9, 2013 Defendant NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC, and each of them, called Plaintiff by telephone and communicated with Plaintiff for the purposes of collecting on account ending 1619 (aka 106839 and 1217102).

21. Defendants, and each of them, never sent and Plaintiff never received any notice that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

22. Defendants, and each of them, never sent and Plaintiff never received any notice or statement that "if the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification of judgment will be mailed to the consumer by the debt collector."

23. Defendants, and each of them, never sent and Plaintiff never received any notice or statement that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

24. Defendants, and each of them, never sent and Plaintiff never received notice that "The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov"

25. Plaintiff believes and on that basis alleges that Defendants CFS2, INC., U.S. BANK, N.A., and each of them, maliciously, fraudulently, and intentionally retained Defendant NATIONWIDE DEBT

MANAGEMENT SOLUTIONS, LLC, and each of them, to collect on account ending 1619 (aka 106839) with knowledge that the account had already been settled in the hopes to collect more than the agreed upon $2,238.59.

26. Plaintiff believes and on that basis alleges that Defendants CFS2, INC., U.S. BANK, N.A., NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC, and each of them, made several attempts to collect on account ending 1619 (aka 106839 and 1217102) knowing it was settled.

## FIRST CAUSE OF ACTION

(Violations of the Federal Fair Debt Collections Practices Act 15 U.S.C. §1692 et seq. against Defendants CFS2, INC., NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC, and Does 1 to 25)

27. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 26 above as though fully set forth herein.

28. Defendants, and each of them, are "debt collectors" as defined by California Civil Code section 1788.2(c).

29. Defendants, and each of them, are "debt collectors" as defined by 15 U.S.C. section 1692a(6).

30. Plaintiff is a "debtor" as defined by California Civil Code section 1788.2(h).

31. Plaintiff is a "consumer" as defined by 15 U.S.C. section 1692c(d) and section 1692a(3).

32. Defendants' actions violated the Federal Fair Debt Collection Practices Act. Defendants' violations include, but are not limited to, the following:

(a) Attempting to collect a debt amount that is not expressly authorized by an agreement or permitted by law. 15 U.S.C. § 1692f(1).

(b) Falsely representing the character, amount, or legal status of the alleged debt.  15 U.S.C. §1692e(2)(A).

(c) Failing to provide proper notices per 15 U.S.C. §1692g(a)(3), §1692g(a)(4) and §1692g(a)(5).

33. As a proximate result of the above mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset,

humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

34. As a result of Defendants' violations of the Federal Fair Debt Collection Practices Act, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. 1692k(a)(1), statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(a)(2)(A), and reasonable attorneys fees and costs pursuant to 15 U.S.C. 1692k(a)(3), from each and every Defendant herein.

### SECOND CAUSE OF ACTION

(Violations of the Rosenthal Fair Debt Collection Practices Act California Civil Code section 1788 et seq. against Defendants U.S. BANK, N.A., CFS2, INC., NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC, and Does 1 to 25)

35. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 34 above as though fully set forth herein.

36. Defendants, and each of them, are "debt collectors" as defined by California Civil Code section 1788.2(c).

37. Defendants, and each of them, are "debt collectors" as defined by 15 U.S.C. section 1692a(6).

38. Plaintiff is a "debtor" as defined by California Civil Code section 1788.2(h).

39. Plaintiff is a "consumer" as defined by 15 U.S.C. section 1692c(d) and section 1692a(3).

40. Defendants' actions violated the Rosenthal Fair Debt Collection Practices Act. Defendants' violations include, but are not limited to, the following:

(a) Attempting to collect a debt amount that is not expressly authorized by an agreement or permitted by law. California Civil Code section 1788.17 adopting 15 U.S.C. § 1692f(1).

(b) Falsely representing the character, amount, or legal status of the alleged debt. California Civil Code section 1788.17 adopting 15 U.S.C. §1692e(2)(A).

(c) Failing to provide proper notices per *California Civil Code* §1788.17 adopting 15 U.S.C. §1692g(a)(3), §1692g(a)(4) and §1692g(a)(5).

(d) Failing to provide proper notice pursuant to *California Civil Code* §1812.700.

7

COMPLAINT

41. As a proximate result of the above mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

42. As a result of Defendants' violations of the Rosenthal Fair Debt Collection Practices Act, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a), statutory damages in the amount of $1,000 pursuant to California Civil Code section 1788.30(b), and reasonable attorneys fees and costs pursuant to California Civil Code section 1788.30(c), from each and every Defendant herein.

### THIRD CAUSE OF ACTION

(VIOLATION OF A STATUTORY DUTY (TORT IN SE) - against Defendants U.S. BANK, N.A., CFS2, INC., NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC, and Does 26-50)

43. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 42 above as though fully set forth herein.

44. The consumer debt collection field is extensively regulated by California State Law. The Rosenthal Fair Debt Collections Practices Act, *California Civil Code* section 1788 et seq., was enacted to protect alleged debtors from debt collectors who engage in debt collection activity that is unfair, deceptive, or harassing. Plaintiff is an alleged debtor and is and was an injured member of the public for whose benefit The Rosenthal Fair Debt Collections Practices Act, California Civil Code section 1788 et seq. was meant to protect.

45. The consumer debt collection field is extensively regulated by Federal Law. The Federal Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq., was enacted to protect alleged debtors from debt collectors who engage in debt collection activity that is unfair, deceptive, or harassing. Plaintiff is an alleged debtor and is and was an injured member of the public for whose benefit The Federal Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. was meant to protect.

46. Defendant, and each of them, violated the statutory duty imposed on Defendant, and each of them, and are thus liable under the doctrine of "Tort-In Se."

47. In pursuing their egregious, and unlawful debt collection efforts against Plaintiff, Defendants, and each of them, acted with Malice, oppression, and fraud as defined by California Civil Code section 3294(c)(1), (2), (3).

## FOURTH CAUSE OF ACTION

(Breach of Contract against Defendant CFS2, INC. and Does 51 - 75)

48.    Plaintiffs incorporate by reference and reallege each and every allegation contained in paragraphs 1 through 47 above as fully set forth herein.

49. On or about February 28, 2012, a written General Agreement was executed between Plaintiff and Defendant CFS2, INC., and each of them, in which Defendant CFS2, INC., and each of them, would consider the account ending 1619 (aka 106839 and 1217102) settled in full with no further amount due or owing upon the receipt of payment in the amount of $2,238.59.

50. Plaintiff fully performed all conditions, covenants, and promises to be performed under the agreement.

51. After Plaintiff had fully performed all conditions, covenants, and promises Defendant CFS2, INC., and each of them, breached the agreement by considering account ending 1619 (aka 106839 and 1217102) still due and owing and making attempts to collect.

52. As a proximate result of the breach, as herein alleged, Plaintiff has been damaged in an amount according to proof.

## FIFTH CAUSE OF ACTION

(Breach of Covenant of Good Faith and Fair Dealing against Defendant CFS2, INC. and Does 75 - 100)

53. Plaintiff incorporate by reference and reallege each and every allegation contained in paragraphs 1 through 52 above as fully set forth herein.

COMPLAINT

54. On or about February 28, 012, a written General Agreement was executed between Plaintiff and Defendant CFS2, INC., and each of them, in which Defendant CFS2, INC., and each of them, would consider the account ending 1619 (aka 106839 and 1217102) paid in full with no further amount due or owing upon the receipt of payment in the amount of $2,238.59.

55. The agreement contained an implied covenant of good faith and fair dealing by which Defendant CFS2, INC., and each of them, promised to perform under the contract in a manner of a standard of a professional organization; to complete the terms as promised; to perform within in a reasonable time frame and to refrain from committing any act that would prevent or impede Plaintiff's enjoyment of the fruits of said agreement. Specifically, said covenant of good faith and fair dealing required Defendant CFS2, INC., and each of them, to fairly and reasonably perform the terms of the contract and not do anything that would be detrimental to Plaintiff's interests.

56. Defendant CFS2, INC., and each of them, breached this implied covenant of good faith and fair dealing by moving forward with collection attempts by considering account ending 1619 (aka 106839 and 1217102) still due and owing and by retaining Defendant NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC, and each of them, to collect.

57. As a direct and proximate result of the Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff has been damaged in an amount according to proof.

## SIXTH CAUSE OF ACTION

(Unfair Business Act or Practice per California Business and Professions Code §17200 - against Defendants U.S. BANK, N.A., CFS2, INC., NATIONWIDE DEBT MANAGEMENT SOLUTIONS, LLC, and Does 26-50)

58. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 57 above as though fully set forth herein.

59. Defendants, and each of them took several business actions to collect on account ending 1619 (aka 106839 and 1217102). Defendants, and each of them, settled account ending 1619 (aka 106839 and 1217102). Despite this fact Defendants, and each of them, made several attempt to collect a debt that was

10

COMPLAINT

not due even after being told that the debt was not due. Defendants, and each of them, violated both the Federal Fair Debt Collections Practices Act and The Rosenthal Fair Debt Collections Practices Act by misrepresenting the character, status, and amount owed on account ending 1619 (aka 106839 and 1217102) and by also failing to provide certain notices as required by law. Plaintiff believes and on that basis alleges that Defendants, and each of the, have made this conduct part of their business practice.

60. A single business act is actionable and §17200 applies to any unlawful or unfair or fraudulent business practice, and each provides an independent basis for relief. (*Podolsky v. First Health Corp.*, (1996) 50 Cal.App.4th 632, 647). An unlawful business activity includes anything that can properly be called a business practice and that at the same time is forbidden by law. (*Committee on Children's Television, Inc. v. General Foods Corp.*, (1983) 35 Cal.3d 197, 209). An unfair business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. (*Podolsky v. First Health Corp.*, (1996) 50 Cal.App.4th 632; *Redding v. St. Francis Med. Ctr.*, (1989) 208 Cal.App.3d 98, 107).

61. The Federal Fair Debt Collections Practices Act and the Rosenthal Fair Debt Collections Practices Act have made it against public policy to misrepresent the character and the amount of a debt for the purposes of collection and to fail to provide consumer notice of their rights pertaining to debt collection. Defendants, and each of them have violated public policy with their conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant as follows:

On The First Cause of Action

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants.

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiff;

11

COMPLAINT

On The Second Cause of Action:

1. For actual damages, in an amount to be proven at trial, pursuant to California Civil Code section 1788.30(a), along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered;

2. For statutory damages pursuant to California Civil Code section 1788.30(b) in the amount of $1,000;

3. For Plaintiff's reasonable attorneys fees and costs incurred in connection herewith pursuant to California Civil Code section 1788.30(c); and

4. For such other relief as the Court may deem just and proper.

On The Third Cause of Action:

1. For compensatory damages in an amount according to proof along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered.

2. For punitive damages, in an amount to be proven at trial, pursuant to California Civil Code section 3294(a), along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered;

3. For such other relief as the Court may deem just and proper.

On The Fourth Cause of Action:

1. For compensatory damages in an amount according to proof along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered.

2. For such other relief as the Court may deem just and proper.

On The Fifth Cause of Action:

1. For compensatory damages in an amount according to proof along with prejudgment interest thereon at the legal rate of interest until paid in full or the date judgment is entered.

2. For such other relief as the Court may deem just and proper.

On The Sixth Cause of Action:

3. For an injunction for past, present, and the proposed unfair business practices as outlined in this complaint per *California Business & Professions Code* §17203.

12

COMPLAINT

4.    Restoration of money or property acquired by unfair competition per *California Business & Professions Code §17203*.

Dated: January 22, 2014

FITZGERALD CAMPBELL, A
PROFESSIONAL LAW CORPORATION

By _____
William James Campbell
Attorney for Plaintiff
Wyman Wong

13
COMPLAINT

# EXHIBIT A



**CFS·II**

2488 E. 81st. Street
Suite 500
Tulsa, OK 74137
888-394-3951

February 28, 2012

To: Katie Quillin
Inquez Law Firm

Wynon Wong
1838 18th Ave
San Francisco, CA 94122-4508

| | Re: | Name of Original Creditor | US BANK |
|---|---|---|---|
| | | Original Card Number | 4037840017221613 |
| | | Our Account Number | 106839 |
| | | Total Balance Due: | $12,644.57 |

Dear Katie,

This letter will confirm our agreement regarding settlement of the account referenced below. CFS II agrees to the following terms:

    Total settlement amount:           $2,238.59
    Due date:                      February 29, 2012

This agreement is expressly conditioned upon the receipt of the required payment on or before the Payment Due Date. If for any reason your payment is not received on the required due date, this agreement will be in default and all terms and agreements of the Original Note will be enforced.

Once the agreed payment has been made under this Agreement, and has received final clearance through normal banking channels, we will consider the account closed and fully satisfied.

Sincerely,

Brad McKaughan

Our office and mailing address is 2488 E. 81st St., Suite 500, Tulsa, OK 74137. You can reach us toll free at 888-394-3951 from 8am to 7pm Central Time. Our local number is 918-394-3950.

If you have a comment, suggestion or complaint about any aspect of our collection efforts on this account, please contact Ms. Jessica Alsop at our office. She can be reached at jalsop@cfsllws.com or at our toll free number 888-394-3951.

*This is a communication from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose. Please see the reverse for other important disclosures.*

EXHIBIT B

The Iniguez Law Firm, P.C.
P.O. Box 4849
Downey, CA 90241

CFS II
2488 East 81st Suite 500
Tulsa, OK 74137

Date      2/28/2012                    Client:  Wyman K. Wong

                                       Account Number:  4037840017221613/106839

         QUESTIONS? Please call the Creditor Services Department at (909) 982-5333

| | | |
|---|---|---|
| Lexxdom Payment Systems | Bank Of America | 52262 |
| 11690 Pacific Avenue | 100 North Tryon Street | Date   2/28/2012 |
| Fontana, CA 92337 | Charlotte, NC 28255 | |
| Client:  Wyman K. Wong | | |

Account Number:    4037840017221613/106839

Pay to the order of: CFS Ii                                    **2,238.59

Two thousand- two hundred thirty-eight and 59/100*******************

This check is tendered in accordance with the attached Settlement
Agreement dated 2/28/2012 . If you cash this check you agree
that the above account is settled for the agreed amount.

SIGNATURE NOT REQUIRED
The maker has authorized this draft to Payee. Payee and
Maker to hold you harmless for payment of this authorized
draft. This draft shall be deposited only to credit of payee.
The absence of endorsement is guaranteed.

⑆52262⑈  ⑆122000661⑈  1459066888⑈